# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID MAPLES, | ) | 1:02cv5889 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PETITION FOR FEES |
| v. | ) | |
| | ) | (Document 18) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Denise Bourgeois Haley ("Counsel"), attorney for Plaintiff David Maples, filed the instant petition for fees on March 18, 2008.  Counsel requests fees in the amount of $7,500.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant filed a response to Counsel's request on May 12, 2008.  Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past-due benefits award.  Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

The parties have consented to the jurisdiction of the Magistrate Judge for all purposes.

1

**BACKGROUND**

Plaintiff filed his social security complaint on July 24, 2002. Pursuant to the parties' stipulation, the Court ordered the case remanded on July 2, 2003. On August 4, 2003, the Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $1,700.00.

After a remand hearing, the Commissioner granted Plaintiff's application for benefits, entitling him to receive approximately $102,157.00 in retroactive benefits. The Commissioner subsequently calculated Plaintiff's past-due benefits and notified Plaintiff and Counsel that $25,539.25 was withheld for payment of attorney's fees. This amount represented 25 percent of the total past-due benefits award.

By this motion, Counsel seeks $7,500.00 for 9.8 hours of attorney work and 3.8 hours of paralegal work before this Court. After crediting $1,700.00 received previously pursuant to the EAJA, Counsel requests a net fee of $5,800.00 from the past-due award.

**DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* Ultimately, an award of section

1  406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412;
2  *Gisbrecht*, 535 U.S. at 796.
3      Here, Counsel states that she spent 9.8 hours of attorney time and 3.8 hours of paralegal
4  time representing Plaintiff before this Court.  For these hours, she requests a total of $7,500.00,
5  which is significantly less than 25 percent of Plaintiff's award.  However, according to Counsel,
6  this results in an effective rate of $652.96 for attorney time and $289.73 for paralegal time.[1]
7  Motion, at 20.  While the Court recognizes the contingent nature of this action, Counsel's
8  experience and the favorable result obtained for Plaintiff, this amount is simply not reasonable
9  given that this action settled at the confidential letter brief stage and did not require briefing.  If
10 the benefits received by a Social Security claimant are large in comparison to the amount of time
11 claimant's counsel spent on the case, a downward adjustment of attorney fees under the
12 contingency agreement is in order.  *Gisbrecht*, 536 U.S. at 808.
13     If Counsel received normal hourly rates for her services, she would receive a total of
14 $1785.40 ([9.8 hours x $145.87 per hour] + [3.8 hours x $93.65]).  See Motion, Exh. 4.  If
15 Counsel received the requested $7,500.00, she could receive a fee equivalent to more than four
16 times this amount.  As the Central District of California has explained, "[w]hile the contingent
17 risk in the present case should be compensated reasonably, it should not be compensated as richly
18 as counsel suggests."  *Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1173 (C.D.Cal. 2006).
19     As in *Ellick,* which also involved Counsel's law firm, Counsel spent little time on the
20 action in comparison to the amount of benefits awarded.  Moreover, this action was remanded in
21 the letter brief stage, negating the need for any further briefing.
22     Pursuant to *Gisbrect*, then, the Court finds that a downward adjustment is necessary to
23 award a fee that is reasonable for the services rendered.  Considering all the factors referenced
24 throughout this order, the Court finds that an hourly rate representing 2.5 times the hourly rate of
25 Counsel and her paralegal is a reasonable fee.  *See eg.*, *Ellick*, 445 F. Supp.2d At 1173 (awarding
26 2.5 times the normal hourly rate); *see also Grunseich v. Barnhart,* 439 F.Supp.2d 1032 (C.D.Cal.

---

28  [1] It is unclear how Counsel arrived at these calculations.

2006) (describing 7.55 attorney hours and 3.95 paralegal hours as a "modest amount of legal work").

### **ORDER**

Counsel is entitled to a 406(b) award in the amount of $4,511.04 ([9.8 hours x $364.68 per hour] + [3.8 hours x $246.63]).  The petition is therefore GRANTED in the amount of $4,511.04.  Crediting the $1,700.00 EAJA fee award, this results in a net award of $2,811.04.

IT IS SO ORDERED.

Dated:   **May 14, 2008**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE